UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JOSE JOVANI HUERTA-ZUNIGA,<br><br>　　　　　Defendant. | Case No. 2:20-mj-00069-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is the Government's Motion to Suspend Speedy Trial Clock. Dkt. 17. Defendant does not oppose the request. *Id.* at 2. For the reasons outlined below, the Court finds good cause to GRANT the motion.

## II. BACKGROUND

On February 28, 2020, a complaint and arrest warrant were issued in this matter. Dkts. 1, 2. On that same day, the Defendant appeared in Coeur d'Alene, Idaho, and was detained.

On March 17, 2020, in response to the continuing spread of the COVID-19 pandemic, Governor Little's declaration that all Idahoans "shelter in place, and the CDC guidelines for social distancing and self-isolation, the Court suspended all grand-jury

proceedings until at least May 11, 2020, "unless otherwise ordered by the Chief Judge." *See* General Order 360, at 2.

## II. LEGAL STANDARD

Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b), an information or indictment charging an individual with the commission of an offense shall be filed within 30 days from the date on which such individual was arrested but "[i]f an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days."[1] In addition to this automatic exclusion, the Act excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest in the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

Under 18 U.S.C. § 3164, an additional speedy-trial requirement applies to a defendant who is (1) "being held in detention solely because he is awaiting trial" or (2) "released" but "designated by the attorney for the Government as being 'high risk.'" 18 U.S.C. § 3164(b). For such defendants, trial "shall commence not later than ninety days

---

[1] This provision applies to grand juries that remain available but are not sitting. The Supreme Court has referred to a grand jury being "not in session" to refer to the grand jury's "schedule," not its empanelment. *Jaben v. United States*, 381 U.S. 214, 219 (1964); *United States v. Towill*, 548 F.2d 1363, 1367 (9th Cir. 1977) ("A close reading of *Jaben* convinces us that the Court meant to equate 'session' with the current 'grand jury schedule,' not with the theoretical possibility of summoning a grand jury on short notice."). "In session," under Federal Rule of Criminal Procedure 6(d)(1), similarly refers to a particular meeting of the grand jury; thus the Rule describes the "persons who may be present while the grand jury is in session[.]" *Id.*

following the beginning of such continuous detention or designation of high risk by the attorney for the Government." *Id.* Failure to do so shall result in release from custody or "automatic review . . . of the conditions of release." *Id.* However, the "periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section." *Id.* Accordingly, the ends-of-justice exclusion applies to § 3164's 90-day rule.

## IV. DISCUSSION

In General Order 360, the Court automatically applied the 30-day extension under 18 U.S.C. § 3161(b). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. *United States v. Lopez*, No. 1:20-MJ-00046 SAB, 2020 WL 1433158, at *2 (E.D. Cal. Mar. 24, 2020). For example, following Mt. St. Helen's eruption, the Ninth Circuit affirmed a two-week ends-of-justice continuance. *See Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981). Under those circumstances, the court recognized that the eruption made it simply impossible for a scheduled trial to proceed as planned. *Id* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency). Here, COVID-19 is posing a similar barrier to proceeding in the manner dictated by the statutory rules and certainly the ends-of-justice exclusion applies to this situation.

## V. ORDER

Based on the facts set forth above, the facts set forth in the Government's Motion, and the record in this matter,

MEMORANDUM DECISION AND ORDER - 3

IT IS HEREBY ORDERED that:

1. The Government's Motion to Suspend Speedy Trial Clock (Dkt. 17) is GRANTED.

2. Under the circumstances set forth herein, and in the face of a global public-health emergency requiring people to take measures to limit contact with one another, the ends of justice served by allowing this additional time outweighs the interest of the public and the defendant in either an indictment or a trial within the original date prescribed by the Speedy Trial Act.

3. The period of time between March 17, 2020, and May 11, 2020, inclusive, is deemed EXCLUDABLE TIME under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

DATED: April 28, 2020

David C. Nye
Chief U.S. District Court Judge